IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60039
Summary Calendar
_____


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

              Plaintiff-Appellee,

and

LISA PETTIS,

              Intervenor Plaintiff - Appellee

v.

ROYER HOMES OF MISSISSIPPI, INC.,

              Defendant - Intervenor Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:00-cv-229GR
--------------------
September 16, 2002

Before JOLLY, JONES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     In September 1999, the EEOC filed a complaint against Defendant-Appellant Royer Homes ("Royer") alleging that Royer violated Title VII by discriminating against Lisa Pettis

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

("Pettis"), on the basis of sex and by retaliating against her because she engaged in protected conduct. In August 2000, Pettis intervened in the case and made the same allegations.

In June 2001, the case was tried to a jury. The jury found for Pettis and the EEOC on the retaliation claim and awarded $75,000 in damages, but found for Royer on the discrimination claim. Royer subsequently filed a motion for judgment as a matter of law, or in the alternative, for new trial because of the jury verdict against it on the retaliation claim. The district court denied the motion and entered judgment in favor of Pettis in the sum of $75,000. Royer now appeals from the district court's order denying its motion for judgment as a matter of law and from the district court's order entering judgment in favor of Pettis on the retaliation claim.

We review de novo a district court's denial of a motion for judgment as a matter of law. *Stokes v. Emerson Elec. Co.*, 217 F.3d 353, 356 (5th Cir. 2000). Judgment as a matter of law is appropriate only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on [an] issue." Fed. R. Civ. P. 50(a). Reviewing all of the evidence in the record, a "court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). In so doing, the court "must disregard

all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

Royer argues that the district court erred in denying its judgment as a matter of law because (1)there was insufficient evidence to support the jury finding of retaliation; (2) Pettis' filing of her charge with the EEOC was untimely; (3) the $75,000 damages amount is not supported by the evidence; and (4) the $75,000 is above the statutory cap on damages set forth in 42 U.S.C. § 1981(b)(3).

We find each of Royer's arguments to be unpersuasive for several reasons. First, the district court's November 26, 2001 order clearly sets forth the testimony which provides sufficient evidence for the jury to find unlawful retaliation and award the sum of $75,000 to Pettis. Thus, we adopt the district court's findings on these two points as our own. Second, we find it beyond peradventure that Pettis' EEOC charge was timely filed with respect to her retaliation claim. Finally, Royer waived any "statutory cap" argument it may have had by not arguing it at the district court level. *See Stephens v. C.I.T. Group/Equip. Fin., Inc.*, 955 F.2d 1023, 1026 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.